IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| J.P. MORGAN CHASE BANK N.A., *Plaintiff* | : : : | CIVIL ACTION |
| v. | : : | |
| JAMES A. D'ANGELO, SR., et al., *Defendants* | : : : | No. 21-5369 |

## MEMORANDUM

PRATTER, J.                                                                 JANUARY 18, 2022

A federal district court must dismiss a complaint if the Court lacks subject matter jurisdiction. Because the complaint filed in state court does not establish federal question jurisdiction or diversity jurisdiction, the Court will remand this case to state court sua sponte.

### BACKGROUND

James A. D'Angelo Sr. and his family live at 102 Pickwick Drive, Doylestown, Pennsylvania. In 2006, J.P. Morgan filed a mortgage foreclosure action against the home, and five years later secured an equitable lien against the property. On the same day, the D'Angelos initiated a federal bankruptcy proceeding, which J.P. Morgan Chase moved to remand. The bankruptcy court granted the motion to remand and then, upon further motion, awarded attorneys' fees and costs because the court found that the D'Angelos initiated the federal bankruptcy proceedings in bad faith. *In re D'Angelo*, 475 B.R. 424 (Bankr. E.D. Pa. 2012), *aff'd*, 491 B.R. 395 (E.D. Pa. 2013). The Court noted that counsel for the D'Angelos "freely admitted that the Debtors filed for bankruptcy in order to avoid the adjudication of their claims against J.P. Morgan by the Bucks County Court." *Id.* at 441. The D'Angelos appealed to the federal district court, which affirmed both the remand and attorneys' fees award. *In re D'Angelo*, 491 B.R. 395 (E.D. Pa. 2013).

1

Now, after another decade of litigation, J.P. Morgan Chase initiated this ejectment action against the D'Angelos in the Bucks County Court of Common Pleas. The D'Angelos then removed the action to this Court on the basis of diversity jurisdiction or, in the alternative, federal question jurisdiction. They also added a RICO counterclaim.

J.P. Morgan Chase filed a motion to remand to state court, arguing that neither diversity nor federal question jurisdiction applies to this ejectment action. However, several days later, J.P. Morgan Chase filed a motion to withdraw the remand motion. At the same time, J.P. Morgan filed a motion to dismiss the D'Angelos' RICO counterclaim for failure to state a claim.

## LEGAL STANDARDS

A party may remove a civil action filed in state court to federal court if the federal court would have had original jurisdiction to hear the matter. 28 U.S.C. § 1441(a). Federal district courts are courts of limited subject matter jurisdiction, which "are obliged to inquire sua sponte whenever a doubt arises as to the existence of federal jurisdiction." *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977). "[B]ecause subject matter jurisdiction is non-waivable, courts have an independent obligation to satisfy themselves of jurisdiction if it is in doubt." *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76–77 (3d Cir. 2003). "If at any time before final judgment [in a removed case] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## DISCUSSION

Though originally asking this Court to remand the case, J.P. Morgan Chase pivoted and now asks this Court to keep the case and dismiss the defendants' counterclaims. But federal courts must have subject matter jurisdiction "to entertain disputes." *Renne v. Geary*, 501 U.S. 312, 316 (1991). There are two forms of federal subject matter jurisdiction: (1) federal question jurisdiction

2

under 28 U.S.C. § 1331 and (2) diversity jurisdiction under 28 U.S.C. § 1332. In removing this action to federal court, the defendants assert diversity jurisdiction as "the primary grounds for removal," but rest on federal question jurisdiction in the alternative. Doc. No. 1-1 ¶ 5.

Neither form of subject matter jurisdiction applies to this action.

## I. Diversity Jurisdiction

Diversity jurisdiction requires diversity of citizenship and a jurisdictional amount in dispute greater than $75,000. 28 U.S.C. § 1332(a). But a case may not be removed on the basis of diversity jurisdiction "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). This is known as the "forum defendant rule." The Third Circuit Court of Appeals has interpreted § 1441(b)(2) literally, meaning that the forum defendant rule only precludes a federal court from exercising removal jurisdiction if the potential forum state defendant has been both "properly joined *and* served." *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152 (3d Cir. 2018) (emphasis added); *see also Mendoza v. Ferro*, 18-cv-3807, 2019 WL 316727, at *2 (E.D. Pa. Jan. 24, 2019) ("Any defendant, forum or non-forum, may remove an action as long as the forum state defendant has not yet been properly served.").

Here, the complaint names Mr. D'Angelo as a citizen of Pennsylvania. Doc. No. 1, at 4. Mr. D'Angelo admits that he is a citizen of Pennsylvania and he is the removing defendant. Doc. No. 2 ¶ 2. According to the state court docket, Mr. D'Angelo was served with the state court complaint on December 1, 2021. Dkt. Entry 4, *J.P. Morgan Chase Bank v. D'Angelo, et al.*, No. 2021-05967 (Bucks Cnty. Ct. C. P. Dec. 6, 2021) ("Deputy Jonathan Sherno on 12/1/2021 at 11:23 AM . . . served James [A. D'Angelo] Sr."). Mr. D'Angelo does not challenge this date of service. *See* Doc. No. 1-1. Mr. D'Angelo filed his notice of removal on December 8, 2021. Doc. No. 1-1.

3

Mr. D'Angelo is a citizen of Pennsylvania. J.P. Morgan Chase filed this action against Mr. D'Angelo in Pennsylvania state court. And Mr. D'Angelo was served before he sought removal. By statute, namely, 28 U.S.C. § 1441(b)(2), he cannot remove the action to federal court on the basis of diversity jurisdiction.

## II. Federal Question Jurisdiction

Turning to their alternate jurisdictional hook, the D'Angelos argue that "the RICO Act is a federal law for which federal question jurisdiction exists aside or in addition to diversity jurisdiction, [so] removal is also permissible under 28 [U.S.C. §] 1331." Doc. No. 1-1 ¶ 5. Federal question jurisdiction covers "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. However, no federal claim appears on the face of the complaint filed by J.P. Morgan Chase. J.P. Morgan Chase does not make any reference to RICO or any other federal law in the complaint. *See* Doc. No. 1. RICO makes its appearance in the case only in the counterclaim.

It is black letter law that "a suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Louisville & Nashville RR. Co. v. Mottley*, 211 U.S. 149, 152 (1908). A defense or counterclaim cannot provide the basis for federal question jurisdiction. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("[A] federal counterclaim, even when compulsory, does not establish 'arising under' jurisdiction."). Because the RICO Act allegation arises only in a counterclaim, it is insufficient to establish federal question jurisdiction. *Id.*

While Mr. D'Angelo does not make this argument, there is a small category of cases where "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting

4

the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013). Even if the RICO claim was necessarily raised in the ejectment action (it was not), the federal-state balance clearly requires remand in this case. Pennsylvania law requires ejectment actions to be brought "in and only in" the county where the land is located. 231 Pa. Code R. 1052. This is a quintessentially state case, as reflected by the 15 years of state court litigation concerning the mortgage and foreclosure of this property. To the extent the D'Angelos seek to litigate RICO independent of their seemingly duplicative fraud defenses, "state courts have concurrent jurisdiction over RICO claims, and as such the RICO claims could have been brought in . . . the State Court Counterclaim." *3G Wireless, Inc. v. Metro PCS Pa. LLC*, No. 15-cv-6319, 2016 WL 823222, at *6 (E.D. Pa. Mar. 2, 2016). Thus, there is no basis for this Court to assert federal question jurisdiction.

## CONCLUSION

This case will be remanded to the Bucks County Court of Common Pleas because this Court lacks subject matter jurisdiction. An appropriate order follows.

BY THE COURT:

/s/ Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE